# EXHIBIT H

verb
inspire · action

May 16, 2019

**BY EMAIL**

Robert Klimov, CIM
Managing Partner
Bellridge Capital, LP
515 E. Las Olas Boulevard, Suite 120A
Fort Lauderdale, Florida 33301

**Re: Bellridge Capital, LP Promissory Notes**
**Objection to Improper Notice of Conversion dated May 15, 2019**

Dear Mr. Klimov,

Pursuant to Section 4(a) of the 10% Original Issue Discount Promissory Note due April 19, 2019 and the 5% Original Issue Discount Promissory Note due August 1, 2019 (together, the "Notes") issued by Verb Technology Company, Inc. (the "Company"), to Bellridge Capital, LP ("Bellridge"), this letter registers the Company's objection to Bellridge's purported Notice of Conversion dated May 15, 2019 (the "Purported Notice of Conversion") and the accompanying letter of that same date sent to the undersigned by Bellridge's outside counsel, Eugene Meyer of Meister Seelig & Fein LLP. All defined terms used herein have the same meaning ascribed to them in the Notes.

Contrary to Mr. Meyer's May 15th letter, the Company did, in fact, schedule a wire transfer to Bellridge on April 10, 2019, one Business Day after the closing of the Public Offering and two days in advance of the Mandatory Prepayment Date, in an amount equal to $2,025,000, the outstanding principal amount of the Notes. As Bellridge well knows, the Company's wire was misdirected due to a "spoofing" incident outside of the Company's control, which we have reason to believe was the result of a compromise of your email system. Immediately upon learning of this "spoofing" incident, the Company took all necessary steps to recover the funds, and ensure their expeditious delivery to Bellridge, which delivery occurred on May 7, 2019. Bellridge's bad faith attempt to leverage this "spoofing" incident into a windfall for itself, *i.e.*, by taking the position that an Event of Default occurred, entitling it to convert the Notes into shares of Common Stock at the Mandatory Default Amount, is contrary to both the letter and the spirit of the Notes, as well to applicable law. Accordingly, the Company hereby objects to, and rejects, the Purported Notice of Conversion.

However, even if an Event of Default had occurred (although one did not) and even if Bellridge had properly sought to exercise its right to convert the Notes at the Mandatory Default Amount into shares of Common Stock (which it did not), the Purported Notice of Conversion is defective on its face and, thus, is void *ab initio*, because it is in patent contravention of the phased conversion schedule set forth in Section 6(b) of the Notes.

For these reasons, among others, the Company objects to, and rejects, the Purported Notice of Conversion.

Please be advised that the Company does not waive, and fully reserves, all rights that it may have at equity and law.

Very truly yours,

Verb Technology Company, Inc.

By____________________________
Rory J. Cutaia
President and Chief Executive Officer

cc: Randolf W. Katz, Esq.
Baker & Hostetler LLP
600 Anton Blvd., Suite 900
Cosa Mesa, CA 92626
rwkatz@bakerlaw.com

Eugene Meyers, Esq.
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017
em@msf-law.com